#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTONIO PAYTON,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 04-cv-4111-JPG** |
| vs. ) | |
| ) | **CRIMINAL NO. 99-cr-40034** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motions for relief pursuant to 28 U.S.C. § 2255. Petitioner filed this case *pro se* because he was not sure that his retained counsel would file such a motion within the statute of limitations; Counsel later filed a separate § 2255 motion, and the two cases have since been consolidated (*see* Doc. 6).

Following a five-day jury trial, Petitioner was convicted on three counts involving the distribution of crack cocaine. On December 4, 2001, Petitioner was sentenced to 480 months imprisonment, four years supervised release, a fine of $750, and a special assessment of $300. On appeal, Petitioner challenged (1) the sufficiency of the indictment for failure to name his alleged coconspirators, (2) sufficiency of the evidence, and (3) the computation of his relevant conduct. Each of these arguments was rejected; his conviction and sentence were affirmed. *United States v. Payton,* 328 F.3d 910, 912 (7th Cir.), *cert. denied*, 540 U.S. 881 (2003).

Petitioner then filed the instant motion under § 2255. In his first motion filed *pro se* (Doc. 1), he argues that he was denied due process, that the indictment was insufficient, and that Counsel was ineffective in numerous ways during trial and sentencing. In the motion filed by Counsel (Doc. 7), Petitioner presents two grounds for relief: (1) Counsel was ineffective at trial in several different instances, and (2) Petitioner's sentence is invalidated by *Blakely v. Washington*, 124 S.Ct. 2531

(2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).

Petitioner then filed a motion to supplement (Doc. 2) in which he seeks to include an argument that his sentence is invalidated by *Blakely* and *Booker*; he also asks to include a copy of the fourth superseding indictment and an affidavit of Milton Payton in support of his claims. He later filed a motion to amend (Doc. 8), in which he supplement the arguments regarding counsel's deficient performance at trial. Each of these motions is **GRANTED**.

Summarizing these claims, essentially two different arguments are made, as set forth in the § 2255 motion filed by Counsel (Doc. 7): (1) trial counsel was ineffective in numerous ways, and (2) Petitioner's sentence is invalidated by *Blakely* and *Booker*. However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Therefore, *Blakely* and *Booker* do not invalidate Petitioner's sentence, and these claims are **DISMISSED** from this action *without prejudice* to Petitioner filing a new § 2255 motion, ***if*** the United States Supreme Court announces that *Booker* applies retroactively on collateral review.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall address all of the grounds presented in both § 2255 motions as well as the grounds raised in the motion to supplement and the motion to amend, ***EXCEPT*** for Petitioner's arguments regarding the effect of *Blakely* and *Booker* upon his sentence.

The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: January 19, 2006**

           **s/ J. Phil Gilbert**
           **U. S. District Judge**