UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff/Respondent,<br><br>    v.<br><br>ANTONIO J. PAYTON, JR.,<br><br>       Defendant/Petitioner. | Case No. 04-cv-4111-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Petitioner Antonio J. Payton's (Payton) Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Payton filed a *pro se* Motion (Doc. 1) because he was concerned his retained counsel would not file in time to meet the statute of limitations deadline. Payton's counsel filed a separate Motion (Doc. 7), and the two Motions were consolidated (Doc.6). Payton then amended his Motion, adding more claims (Doc. 8). For the followings reasons, the Court DENIES Payton's Motions.

## BACKGROUND

**I.      Procedural Posture**

In May 2001, Payton was convicted by a jury of three counts: (1) conspiracy to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(A0(1) and (b)(1)(B)(iii), (2) use of a weapon during the conspiracy in violation of 18 U.S.C. § 924(c); and (3) possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). This Court sentenced him to 480 months in federal custody. At sentencing, Payton's Guideline Offense Level was enhanced two levels for obstruction of justice because he instructed Donathan

Brown to provide false information to investigators.

Payton's appeal of his conviction and sentence was denied by the United States Court of Appeals of the Seventh Circuit on May 12, 2003.  His petition for certiorari review by the United States Supreme Court was denied on October 6, 2003.  He timely filed a motion pursuant to 28 U.S.C. § 2255 for the Court to vacate, set aside or correct his sentence.

**II.     Evidence Presented at Trial**

The Government presented evidence at trial in support of the following facts.  Beginning at least in 1996, Payton worked as a crack cocaine dealer in Carbondale, Illinois.  One of his best customers was his father, Milton Payton.  During a controlled buy in 1996, Milton Payton, working as a confidential source for the Government  bought crack cocaine from his son.  The deal resulted in the federal prosecution of several other individuals, but not Payton, because he was only 17 years old at the time.

Payton was in a partnership of sorts with Shurron Sherrill (Sherrill).  Sherrill and Payton had the same source  and the same go-between from whom they obtained their crack cocaine.  When either Sherrill or Payton were in arrears to their source, both were cut off from getting more crack.  If one found his supply of crack had run out, the other would "throw some his way."

Anthony Barnett and Eldridge Hardley worked as "runners" for Payton.  Hardley had previously worked for Musenda Traylor, and Lukyan Traylor.  The Traylors were arrested as a result of the 1996 controlled buy, but Hardley continued working as a "runner" for Payton.  Barnett earned a $20 rock of crack cocaine for every $100 worth of business he sent to Payton.

In addition, Wendell Wooley worked as a runner for Payton until May 22, 1998, when

Wooley was shot with a gun Payton later sold to a confidential police source. At the time of the shooting, Wooley was in arrears to Payton for $150 worth of crack cocaine. Payton told Sherrill that he shot Wooley because Wooley owed him money. Following the shooting, Wooley still obtained crack from Payton, but he used an intermediary.

In 1999, Demetrius Johnson acted as a confidential source for the police in a controlled buy of crack cocaine. Johnson contacted Milton Payton, who at this time was acting as a "runner" for his son, and Milton Payton secured the drugs for Johnson from Payton. The pre-recorded money exchanged for the crack cocaine during the controlled buy was later recovered from Payton's girlfriend, Sophia Covington. Payton had given the money to Covington during a traffic stop.

## ANALYSIS

### I. Standard for Habeas Corpus Relief

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255

## II.     Standards for Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain*, 211 F.3d at 434.  The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)).  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.*  The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.*  The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694). "A mere possibility of prejudice does not qualify as actual prejudice." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). In evaluating these issues this Court must keep in mind that "the ultimate objective [of our legal system is] that the guilty be convicted and the innocent go free." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Finally, the Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

Between the two § 2255 motions filed in this case, Payton raises claims of ineffective assistance of counsel in several respects. They are: 1) failure of trial counsel to properly contest the sufficiency of the evidence to support Count II of the Fourth Superceding indictment, alleging that Payton used or carried a firearm in relation to the conspiracy to distribute crack cocaine; 2) failure of trial counsel to properly contest the sufficiency of the evidence to support the finding that the substance distributed in the conspiracy was, in fact, crack cocaine; 3) failure of trial counsel to tender a multiple conspiracy jury instruction; 4) failure of trial counsel to challenge the sufficiency of the indictment on the grounds that it did not allege a specific enough time frame in which the conspiracy took place; 5) failure of trial counsel to object to prejudicial

5

hearsay and "other acts" evidence; 6) failure of trial counsel to interview a key government witness, Milton Payton, and a potential alibi witness, Lamont Dewalt, prior to trial; 7) failure of trial counsel to request, and failure of the Court to give *sua sponte*, a *Sears* instruction instructing jury that if the only agreement they found in support of the conspiracy charge was the agreement between Payton and Milton Payton while Milton Payton was working as an agent for the government, they could not convict Payton; 8) failure of trial counsel to advise Payton of the benefits of pleading guilty, negotiating a plea bargain, or offering his opinion as to whether he should plead guilty; and 9) failure of appellate counsel to raise any of the above claims which may have been procedurally defaulted as a result.

      A.      **Sufficiency of the Evidence to Support Firearms Charge**

Payton alleges that his trial counsel was ineffective for failing to contest the sufficiency of the evidence to support the charge that he used or carried a firearm in relation to the conspiracy. Payton's contention seems to be that his trial counsel should have moved for a judgment of acquittal as to the gun charge.  A court should grant a motion for judgment of acquittal "if the evidence is insufficient to sustain a conviction" for the offenses charged.  Fed. R. Crim. P. 29(a).  The Court may grant the motion only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged.  In other words, a court should grant the motion only if no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt.  *United States v. Peters*, 277 F.3d 963, 967 (7th Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) Here, a motion for a judgment of acquittal on the gun charge would necessarily have failed.

Payton contends that because Wendell Wooley was shot from behind and did not see his assailant, the Government cannot have presented sufficient evidence to prove that Payton fired the weapon, and so the charge must fail.  However, the Government presented evidence that Payton was upset with Wooley over a drug debt, that he confessed to co-conspirators that he shot Wooley over the drug debt, and that he later sold the gun that was used to shoot Wooley to a Government agent.  This evidence is clearly sufficient to support the charge that Payton used a firearm in relation to a drug trafficking crime.  Therefore, there can be no prejudice to Payton from his counsel's failure to contest the sufficiency of the evidence.

### B. Sufficiency of the Evidence that Substance Involved was Crack Cocaine

Payton next claims that his trial counsel was ineffective for failing to contest the sufficiency of the evidence that the substance involved in the conspiracy was crack cocaine. Again, Payton's contention seems to be that his trial counsel should have moved for a judgment of acquittal on the conspiracy charge.  Again, such a motion would inevitably have been denied.

Payton's contention is that lab tests conducted for this trial did not conclusively establish that the substance tested was crack cocaine rather than some other form of cocaine base. However, there was overwhelming evidence presented at trial that Payton's co-conspirators and buyers believed that the substance they were purchasing, selling, running and using was crack cocaine.  The evidence that the substance involved in the conspiracy was crack cocaine was clearly sufficient for a reasonable jury to have convicted Payton based on it.  Therefore, there can be no prejudice to Payton from his counsel's failure to raise the issue.

### C. Multiple Conspiracy Jury Instruction

Payton's claim that the jury should have been given a multiple conspiracy instruction was

raised and rejected on appeal.  Payton claims the Seventh Circuit did not address the issue, perhaps because the Seventh Circuit opinion refers to his challenge as being "to the sufficiency of the evidence [to support the conspiracy alleged]" rather than mirroring the language Payton used in his appellate brief.  However, "[a] conspiracy variance claim is a challenge to the sufficiency of the evidence."  *U.S. v. Womak*, 496 F.3d 791, 794 (7th Cir. 2007).  Payton's claim was raised to and addressed by the appellate court.  The Court declines to further review this claim as Payton has suggested no changed circumstances of fact or law which would make further review appropriate.  *United States v. Olmstead*, 55 F.3d 316, 319 (7th Cir. 1995).

      **D.**     **Sufficiency of the Indictment**

Payton next claims that his trial counsel was ineffective for failing to challenge the sufficiency of the indictment.  Payton contends that the indictment, which reads, "From in or about 1996 to in or about July, 1999. . . ," fails to put the conspiracy into any time frame and is therefore insufficient.  Clearly, the indictment put the conspiracy into a time frame, i.e. from 1996 to July 1999.  Any challenge to the contrary by Payton's counsel would have been frivolous at best.  Payton cannot base a claim of ineffective assistance of counsel on the failure of counsel to make a frivolous challenge.

      **E.**     **Prejudicial Hearsay and "Other Acts" Evidence**

Payton did not raise the issue of admissibility of any of the evidence he now complains of on appeal.  "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  By failing to raise this claim on appeal, Payton has procedurally defaulted it unless he can show cause for the default and actual prejudice or actual innocence.  *Id.*  Payton has not attempted to show cause for the default, unless

such cause can be found in his "catchall claim" that any claims procedurally defaulted were the fault of appellate counsel's ineffective assistance.

    Payton's claim that his appellate counsel was ineffective is undercut by the fact that he retained that same counsel to represent him in this proceeding.  Additionally, as "one of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects," *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989), Payton cannot show that his appellate counsel was ineffective for failing to bring this claim in light of its relative weakness compared to the claims he did bring on appeal.  Because Payton's appellate counsel was not ineffective, Payton can show no cause for his failure to bring on appeal the claim that certain evidence against him was inadmissible.  As such, the claim is procedurally defaulted.

    Furthermore, Payton's trial counsel was not ineffective for failing to object to the introduction of the evidence.  The evidence Payton complains of was all properly admissible to show motive, intent, state of mind, or to establish the relationships that existed between Payton and the witnesses.  Because the evidence was properly admissible, Payton's trial counsel was not ineffective for failing to object to it.  Furthermore, even if some of the evidence Payton now complains of was inadmissible, the failure of Payton's trial counsel to object falls well within the range of reasonable trial strategy and, in light of the overwhelming amount of indisputably admissible evidence against Payton, was not prejudicial.

    **F.**    **Milton Payton and Lamont Dewalt**

    Payton's next claim is that his trial counsel was ineffective for failing to find and interview Milton Payton and Lamont Dewalt prior to trial.  Milton Payton was undoubtedly a

key government witness, and there is no dispute that Payton's trial counsel failed to locate or interview Milton Payton prior to the trial.  However, Payton has not shown that this failure in any way prejudiced him.  Payton has the burden of providing the court sufficiently precise information as to what locating and interviewing Milton Payton prior to trial would have produced.  *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003).  Payton has not attempted to make such a showing.  Furthermore, Payton's trial counsel adequately cross-examined Milton Payton and challenged his credibility as a witness.  Therefore, Payton cannot show he was prejudiced by trial counsel's failure to locate Milton Payton prior to trial.

Payton also claims his trial counsel was ineffective because he failed to locate potential alibi witness, Lamont Dewalt.  In light of the fact that Dewalt was prepared to testify for the prosecution to refute Payton's alibi, Payton cannot show any prejudice from this failure.

  G. *Sears* **Instruction**

Payton claims both that his trial counsel was ineffective for not tendering a *Sears* instruction, instructing the jury that an agreement solely between the defendant and a government agent cannot be a conspiracy, and that the Court erred in not so instructing the jury *sua sponte*.  Payton did not raise the Court's failure to issue a *Sears* instruction on appeal.  As such, it has been procedurally defaulted unless he can show cause and actual prejudice.  *Bousley v. United States*, 523 U.S. at 622.  Once again, Payton's "catchall claim" that any claims procedurally defaulted were the fault of appellate counsel's ineffective assistance is undercut by the fact that he has retained the same counsel in this action.  Additionally, in light of this claim's relative weakness, it was reasonable for appellate counsel to ignore this claim in favor of the stronger claims actually presented on appeal.  Therefore Payton shows no cause for failing to

bring this issue on appeal, so this claim is procedurally defaulted.

Furthermore, Payton cannot show that he was prejudiced by trial counsel's failure to ask for a *Sears* instruction. Payton contends that it is possible that the jury convicted him of conspiracy based solely on the agreement between Payton and Milton Payton while Milton Payton was acting as a government agent. The only time that Milton Payton was acting as a government agent was during the 1996 controlled buy that led to the arrest and prosecution of some of Payton's co-conspirators. Apart from that one controlled buy, Milton Payton was a bona fide co-conspirator. Accordingly, an instruction instructing the jury that Payton could not, as a matter of law, have conspired with Milton Payton would have been erroneous. Trial counsel cannot be ineffective for failing to tender an erroneous instruction.

Furthermore, there is overwhelming evidence that Payton conspired with Milton Payton at times separate and apart from the time that Milton Payton was acting as a government agent, as well as evidence that he conspired with Wooley, Barnett, Sherrill, Musenda and Lukyan Traylor, and others in the course of this conspiracy  Accordingly, there was no prejudice from the failure of trial counsel to tender, or the Court to give, a more tailored *Sears* instruction accounting for only the 1996 controlled buy.

**H.     Failure of Trial Counsel to Advise Payton to Plead Guilty or to Negotiate a Plea Bargain**

Payton contends that if his trial counsel had adequately informed him that "he had no available defense, thus no chance of winning" he would have pled guilty, and as a result would now have a reduced sentence. First, the Government never tendered a plea agreement to Payton. It naturally follows that his counsel cannot be found to have failed to inform Payton of a tendered plea agreement. Furthermore, there is nothing to suggest the Government would have

11

been receptive to a plea agreement tendered by Payton. Therefore, Payton cannot show prejudice from trial counsel's failure to negotiate a plea with the Government.

Payton could have entered into an open plea. However, the fact that Payton instructed Donathan Brown to provide the Government false information undercuts his argument that he would have been forthcoming and pled guilty if only he had received better advice from counsel. Additionally, the fact that Payton has maintained his innocence at all stages of his criminal prosecution further undermines his argument that he would have accepted responsibility for these charges.

Finally, Payton cannot show that he was in any way prejudiced by his decision to proceed to trial. Payton may or may not have received a two or three level reduction from his sentencing guideline range for timely acceptance of responsibility, the burden would have been on him to establish that he was entitled to it. *United States v. Travis*, 294 F.3d 837, 840 (7th Cir. 2002). In light of the fact that his sentencing guideline was actually increased for obstruction of justice, it is far from obvious that Payton would have been able to meet that burden. In any case, "[a] mere possibility of prejudice does not qualify as actual prejudice." *Prewitt*, 83 F.3d at 819. Therefore, Payton cannot meet the second prong of the *Strickland* test on this claim.

## CONCLUSION

Payton has failed to show that he had ineffective assistance of counsel at any point in his criminal proceedings. Accordingly, the Court **DENIES** his Motion Pursuant to 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docs. 1, 7, 8)  The

Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 8, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
