IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO J. PAYTON, JR.,

Petitioner,

v.

Case No. 4:04-cv-04111-JPG

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM & ORDER

This matter comes before the Court on Petitioner Antonio Payton's Rule 60(b) motion for relief from judgment (Doc. 59) and Payton's *pro se* motion for certificate of appealability. (Doc. 60). The court entered judgment (Doc. 45) on November 8, 2007, denying the petitioner's motion under 28 U.S.C. § 2255. Three years later, the Petitioner filed this Rule 60(b) motion (Doc. 59) on September 16, 2010. Although the Court does not believe this motion was filed in a "reasonable time" as required by Federal Rules of Civil Procedure 60(c)(1), it will consider the merits of the motion.

## BACKGROUND

This matter comes with a complicated procedural background. On May 21, 2001, Payton was convicted by a jury on three counts, including; conspiracy to distribute more than five grams of crack cocaine, use of a weapon during the conspiracy, and possession with intent to distribute and distribution of crack cocaine. This Court then sentenced him to 480 months in federal custody.[1] Payton appealed his conviction and sentence to the United States Court of Appeals for

---

[1] Payton's sentence was reduced by the Amendments to the Sentencing Guidelines for Crack Cocaine to 310 months (No. 4:99-cr-40034, Doc. 208) and he has a similar motion now pending. (No. 4:99-cr-40034, Doc. 212).

the Seventh Circuit and it was denied on May 12, 2003. *U.S. v. Payton*, 328 F.3d. 910 (7th Cir. 2003). The Court of Appeals addressed the sufficiency of the indictment, the sufficiency of the evidence against him, and the application at sentencing of more drugs than stated in the indictment. *Id.* The United States Supreme Court denied his petition for *certiorari* review on October 6, 2003. *Payton v. U.S.,* 540 U.S. 881 (2003).

Payton then filed a timely motion pursuant to 28 U.S.C. § 2255 for the Court to vacate, set aside, or correct his sentence. (Doc. 1). This motion was filed *pro se* by Payton on June 24, 2004. On October 5, 2004, Payton's appellate counsel also filed a § 2255 motion on his behalf although it was originally filed in a separate case (4:04-cv-4205, Doc. 1). Payton then filed a pro-se motion to consolidate these two cases which was granted by this Court (Doc. 6) and Payton's appellate counsel continued to represent him in this matter. (Doc. 32). Payton filed an Amended § 2255 motion (Doc. 8). Following the response from the government (Doc. 31) addressing all of the pending claims in the § 2255 motions and reply from Petitioner (Doc. 42), this Court denied Payton's § 2255 motion. (Doc. 44).

Payton's *pro se* § 2255 motion (Doc. 1) boiled down to the following four arguments: 1.) the evidence presented at trial did not support the conviction, 2.) his counsel was ineffective for failing to seek a Rule 11 plea agreement or advise to the benefits of pleading guilty, 3.) the Court erred to issue a *sua sponte Sears* instruction to the jury, and 4.) the indictment was too open-ended. The § 2255 motion filed by Payton's counsel addressed two main points, 1.) trial counsel was ineffective for a number of reasons including failing to object to character evidence and failing to seek proper jury instructions, and, 2.) the sentence was imposed based upon facts not found by the jury. Payton's amended § 2255 (Doc. 8) raised additional concerns about the inadequacy of his trial counsel.

Counsel's reply (Doc. 42) to the government's response (Doc. 31) raised the following arguments: 1.) the Court erred by failing to provide *sua sponte* jury instructions, and, 2.) Counsel was ineffective in failing to request the *Sears* instruction and failing to argue the evidence was deficient. The only argument not found in the pleadings drafted by his counsel, rather than by the Petitioner *pro se* is pertaining to trial counsel not securing a plea agreement.

Petitioner then filed the current Rule 60(b) Motion (Doc. 59) and argues the following: 1.) the Court failed to review the merits of claims raised in the § 2255, and, 2.) the Court ruled incorrectly on the entire § 2255 because there was a conflict of interest for counsel, who was both the lawyer for the appellate proceeding and the § 2255 proceeding, which prevented Counsel from properly advancing Payton's interests.

## **ANALYSIS**

A. Standard

A post-judgment motion such as a Rule 60(b) motion which advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see also Scott*, 414 F.3d at 816. Generally, decisions to deny a § 2255 petition based on the failure to exhaust state remedies, procedural default or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4.

It is also important to note "Rule 60(b) cannot be used to seek relief on the basis that the movant's conviction was based on a mistake of law. . . ." *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002), *cert. denied sub nom Dunlap v. Frank*, 539 U.S. 962 (2003). A Rule 60(b) motion that seeks relief based on a mistake of law after a § 2255 petition has been resolved constitutes a successive petition subject to the certification requirement of § 2255. *Id.* In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

**B. Petitioner Allegations:**

**1.** <u>The Court failed to review the merits of the claims raised in the § 2255</u>

Payton asserts in his Rule 60(b) motion the Court did not address the merits of whether the jury should have been given a multiple conspiracy instruction. In its order denying the § 2255 motion (Doc. 44), the Court stated:

> Payton's claim that the jury should have been given a multiple conspiracy instruction was raised and rejected on appeal. Payton claims the Seventh Circuit did not address the issue, perhaps because the Seventh Circuit opinion refers to his challenge as being "to the sufficiency of the evidence [to support the conspiracy alleged]" rather than mirroring the language Payton used in his appellate brief. However, "[a] conspiracy variance claim is a challenge to the sufficiency of the evidence." *U.S. v. Womack*, 496 F.3d 791, 794 (7th Cir. 2007). Payton's claim was raised to and addressed by the appellate court. The Court declines to further review this claim as Payton has suggested no changed circumstances of fact or law which would make further review appropriate. *United States v. Olmstead*, 55 F.3d 316, 319 (7th Cir. 1995).

Payton argues that because the Court did not review the merits of the claim, the 60(b) motion is properly before the Court; however, he goes on to say that the Court's decision in not reviewing the merits of the claim is wrong because of its interpretation of law. Payton argues the Court should have used the standard set forth in *White v. United States*, 371 F.3d 900 (7th Cir. 2004),

4

rather than the standard which it used from *United States v. Womack*, 496 F.3d 791 (7th Cir. 2007) and *United States v. Olmstead,* 55 F.3d 327 (7th Cir. 1995). Based upon this standard, Payton argues it is irrelevant if the Seventh Circuit already reviewed the issue and the Court should consider it again.

This argument, however, is one seeking relief based upon an alleged mistake of law and not a procedural issue. Such an argument is not appropriate for a Rule 60(b) motion but constitutes a successive § 2255 petition. *Dunlap*, 301 F.3d at 876. The Seventh Circuit has already addressed the multiple conspiracy instruction and this Court previously entertained Payton's request for additional review of the same issue. The allegation has already been presented to this Court and raising it again, couched in any terms, is a successive § 2255 petition for which Payton must receive certification from the Seventh Circuit. He has not.

**2.** <u>The Court ruled incorrectly because there was a conflict of interest between § 2255 counsel and petitioner</u>**.**

Payton also appears to raise new issues in his Rule 60(b) motion, namely, a conflict of interest between himself and his § 2255/appellate counsel on the theory appellate counsel would not argue his own performance was ineffective. This issue was not raised in his original § 2255 petition or its supplements (Docs. 1, 7, 8, & 42), although it could have been, especially as Payton filed his original § 2255 motion *pro se*. Payton also filed an amended § 2255 <u>*after*</u> he filed a *pro se* motion to consolidate the two cases. He thus knew his appellate counsel was being retained and made no motion at any point to discharge him or amend to include an allegation of a conflict of interest. He further stated to the Court he would allow his attorney to file the Reply to the government's Response. (Doc. 3). As laid out *supra,* there is little difference between the arguments advanced in the *pro se* § 2255 and in the § 2255 motion written by counsel. Payton

5

attempts to argue now his appellate counsel was ineffective and thus created a conflict of interest that kept counsel from protecting Payton's interest in the § 2255 proceedings. The discussion of whether appellate counsel was ineffective, however, was discussed in the Court's order denying the § 2255 (Doc. 44) where the Court stated:

> Payton's claim that his appellate counsel was ineffective is undercut by the fact that he retained that same counsel to represent him in this proceeding. Additionally, as "one of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects," *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989), Payton cannot show that his appellate counsel was ineffective for failing to bring this claim in light of its relative weakness compared to the claims he did bring on appeal. Because Payton's appellate counsel was not ineffective, Payton can show no cause for his failure to bring on appeal the claim that certain evidence against him was inadmissible.

Any new argument arguing counsel was ineffective both in the appellate and § 2255 proceedings and that such ineffectiveness created a conflict of interest is precisely that, a new argument, and the Court may not consider it at this time. The Court considered the prior allegation of ineffective appellate counsel in the original § 2255 order and any new argument on this issue can only be made in a successive § 2255 motion with the permission of the Court of Appeals.

### C. Certificate of Appealability

Payton filed a motion for certificate of appealability on November 3, 2010. (Doc. 60). Although the Court had not yet ruled on Payton's Rule 60(b) motion (Doc. 59) at the time the motion for certificate of appealability was filed (Doc. 60), the Court addresses the motion now.

A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate is required even for cases in which the court dismissed an unauthorized second or successive collateral attack for lack of jurisdiction. *United States v. Carraway*, 478

F.3d 845, 848 (7th Cir. 2007) (stating, "the dismissal of the motion for want of jurisdiction qualifies as a final order for purposes of section 2253(c)(1)(B), such that Carraway's ability to appeal is conditioned on his receipt of a certificate of appealability").

A certificate of appealability will be granted when "the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to succeed in making a substantial showing of a denial of a constitutional right, the Petitioner must show not only a potentially valid constitutional violation, but a constitutional violation that exists now and did not exist at the time of the filing of the original § 2255. *See Carraway*, 478 F.3d at 849. Payton fails to show the denial of any constitutional right, leastwise a violation of a constitutional right that did not exist when he filed his § 2255 and its subsequent amendments. For the foregoing reasons, his motion for certificate of appealability (Doc. 60) is denied.

## CONCLUSION

Payton's pending motion reasserts the same claims and attempts to assert a new claim. It is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2253. As the Court of Appeals has not made such a certification, this Court does not have jurisdiction to consider Payton's motion (Doc. 59) and **DISMISSES** it for lack of jurisdiction. The Court further **DENIES** Payton's motion for certificate of appealability. (Doc. 60).

    **IT IS SO ORDERED.**
    **DATED:** November 16, 2011

                                                              s./ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**